UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT HOGG,<br><br>    Plaintiff,<br><br>v.<br><br>YESENIA L. SANCHEZ, et al.,<br><br>    Defendants. | Case No. 23-cv-06021-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Roosevelt Hogg alleges that sheriff's deputies used excessive force on him in violation of the Eighth Amendment. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Hogg has stated cognizable Eighth Amendment excessive force claims against Alameda County Sheriff's Office Deputies R. Nixon and R. Quinteros. All other defendants and claims are DISMISSED. The Court directs defendants Nixon and Quinteros to file in response to the complaint a dispositive motion, or a notice regarding such motion, on or before **July 8, 2024**.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Hogg alleges that on September 10, 2023 Alameda County Sheriff's Deputies R. Nixon and R. Quinteros attacked him and used excessive force in violation of the Eighth Amendment.  (Compl., Dkt. No. 1 at 2-3.)  When liberally construed, Hogg has stated Eighth Amendment excessive force claims against Nixon and Quinteros.

Hogg names Sheriff Yesenia L. Sanchez as a defendant, presumably because she is a supervisor, but does not allege any specific claim against her.  Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 "unless they were integral participants in the unlawful conduct."  *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).  Furthermore, there is no respondeat superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not enough that the supervisor merely has a

supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Nothing in Hogg's allegations show knowledge of or participation in the assault. All claims against Sanchez will be dismissed, and she will be terminated as a defendant in this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service of the complaint (Dkt. No. 1), and all attachments thereto, on defendants R. Nixon and R. Quinteros, both employed as deputies at the Alameda County Sheriff's Office, and orders these defendants to respond to the cognizable claims raised in the complaint.

2. On or before **July 8, 2024**, defendants shall file a motion for summary judgment or other dispositive motion or responsive pleading with respect to the claim(s) in the complaint found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

4. Defendants shall file a reply brief no later than fifteen (15) days after

plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or on defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff may use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order. Such requests must be made directly to jail officials, not to the Court.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

4

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

11. The Clerk shall terminate Yesenia L. Sanchez as a defendant in this action. All claims against her are DISMISSED.

**IT IS SO ORDERED.**

**Dated:** March 27, 2024



WILLIAM H. ORRICK
United States District Judge