UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT HOGG,<br><br>   Plaintiff,<br><br>  v.<br><br>R. QUINTEROS, et al.,<br><br>   Defendants. | Case No. 23-cv-06021-WHO (PR)<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL;**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 18, 21, 22, and 23 |

Plaintiff Hogg moves for the appointment of counsel. (Dkt. No. 21.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice. Across the United States in 2020, unrepresented prisoners filed almost 8000 cases, roughly 16.65% of all new civil filings. United States Courts for the Ninth Circuit, 2020 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicialcouncil/publications/AnnualReport2020.pdf. The high percentage of civil litigants who cannot afford counsel threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling

1  precedent and determine if "exceptional circumstances" exist to appoint counsel in the
2  cases before me.
3        Hogg has not shown that exceptional circumstances exist.  His filings are clear, and
4  the suit does not present complex legal issues.  Accordingly, Hogg's motion for the
5  appointment of counsel is DENIED.  I will reconsider the necessity of appointing counsel
6  if circumstances warrant such action at a later date.
7        I construe Hogg's petitions for retaliation and to show cause as a request for leave
8  to file an amended complaint.  (Dkt. No. 22 and 23.)  So construed, the motion is
9  GRANTED.  Accordingly, the complaint is DISMISSED with leave to file an amended
10  complaint on or before **September 9, 2024.**  The amended complaint must include the
11  caption and civil case number used in this order (23-06021 WHO (PR)) and the words
12  FIRST AMENDED COMPLAINT must be written on the first page.  <u>The amended
13  complaint must also appear on this Court's form, a copy of which will be sent to him.</u>
14  Because an amended complaint completely replaces the previous complaints, plaintiff
15  must include in his first amended complaint all the claims he wishes to present and all of
16  the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.
17  1992).  He may not incorporate material from the prior complaint by reference.  <u>Failure to
18  file a proper amended complaint by September 2, 2024 may result in dismissal of this
19  action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>
20        Because it is unclear what claims and defendants will proceed, Hogg's motion for a
21  subpoena is DENIED as premature.  (Dkt. No. 18.)  Hogg can make discovery requests to
22  defendants after his amended complaint has been screened and served.
23        The Clerk shall terminate all pending motions.
24        **IT IS SO ORDERED.**
25  **Dated:** August 5, 2024

WILLIAM H. ORRICK
United States District Judge